**O**

**JS-6**

cc: order, docket, remand letter to
Riverside Superior Court, Southwest
Justice Center, Murrieta, No. TEC 1105813

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| Aurora Loan Services, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Roberto Romero, et al.,<br><br>        Defendants.<br>_____ | ED<br>Case No. CV 11-01296-ODW (SPx)<br><br>Order **GRANTING** Plaintiff's Motion to Remand [8] [Filed 08/19/11] and **VACATING** Hearing Thereon<br><br>Order **REMANDING** Case to Riverside County Superior Court |

    Pending before the Court is Plaintiff Aurora Loan Services, LLC's ("Plaintiff") Motion to Remand. (Dkt. No. 8.) Defendants Roberto Romero and Myrna Reyes (collectively, "Defendants") removed this unlawful detainer action on August 15, 2011, alleging that the Court has jurisdiction pursuant to 28 U.S.C § 1331 based on a federal question allegedly presented in Defendants' demurrer to the complaint. Having considered the papers filed in support of the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. For the reasons discussed below, Plaintiff's Motion to Remand is **GRANTED**, the September 26, 2011 hearing on the matter is **VACATED**, and the case is hereby **REMANDED** to Riverside County Superior Court.

    "Any civil action brought in a [s]tate court of which the district courts . . . have

original jurisdiction, may be removed by the defendant or the defendants, to the district court . . . embracing the place where such action is pending . . . ." 28 U.S.C. § 1441(a) (2010). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992)).

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (U.S. 1987). "Thus, the plaintiff is the master of his complaint and may avoid federal jurisdiction by relying exclusively on state law. It is settled law that a case may not be removed to federal court on the basis of a federal defense . . . ." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042-43 (9th Cir. 2009) (citations omitted); *see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Tru*st, 463 U.S. 1, 10 (1983) (an actual or anticipated federal defense is not sufficient to confer jurisdiction).

A case removed from state court should be remanded if it appears that it was removed improvidently. 28 U.S.C. § 1447(c). "Because the 'removal statutes are strictly construed against removal,' doubts about removal must be resolved in favor of remand." *Dodd v. John Hancock Mut. Life Ins. Co.,* 688 F. Supp. 564, 566 (E.D. Cal. 1988) (quoting *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Here, Defendants fail to point the Court to any provision of the "Constitution, laws, or treaties of the United States" under which their unlawful detainer action arises. 28 U.S.C. § 1331. Indeed, "because this is an unlawful detainer action, a federal question does not present itself." *Aurora Loan Servs. v. De La Rosa*, No. 11-912, 2011 U.S. Dist. LEXIS 69217, at *3 (C.D. Cal. June 27, 2011); *see also IndyMac Federal Bank, F.S.B. v. Ocampo*, No. 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's

1  complaint contained only an unlawful detainer claim); *Galileo Fi. v. Miin Sun Park*, No.
2  09-1660, 2009 WL 3157411, at *1 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only
3  asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law.
4  Thus, from the face of the complaint, it is clear that no basis for federal question
5  jurisdiction exists."). Additionally, the Complaint does not allege any other federal
6  question, and any federal defense raised by Defendants in their demurrer is irrelevant
7  with regard to jurisdiction.

8  In light of the foregoing, Plaintiff's Motion to Remand is **GRANTED** and the
9  case is hereby **REMANDED** to Riverside County Superior Court. The Clerk of Court
10 shall close this case.

11 **IT IS SO ORDERED.**

12 August 22, 2011

_____
HON. OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE